THE STATE OF NEVADA, Respondent, *v.* LOUISE
BEYERS, Appellant

No. 3184

October 2, 1937.                    71 P.(2d) 1044.

*J. M. Frame, Geo. E. McKernon* and *Harry G. Pray,*
for Appellant:

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *W. Howard Gray,* Deputy Attorneys-General; *E. S. Brown,* District Attorney; and *Nash P. Morgan,* Assistant District Attorney, for the State:

## OPINION

By the Court, COLEMAN, C. J.:

Louise Beyers, an Indian girl, was convicted of involuntary manslaughter, and, after the denial of a motion for a new trial, was sentenced to serve a term in prison.

It is contended by the state that the defendant, while driving an automobile in a westerly direction on highway No. 40, from Wadsworth in the direction of Reno, ran down and killed one Emilio Cadlini.

The evidence shows that on the afternoon of August 2, 1936, the appellant, with another Indian girl and two Indian men, visited the rodeo at Wadsworth and were drinking whisky and beer all of the afternoon and into the night, and that the defendant was considerably intoxicated. The evidence also shows that the deceased was in Wadsworth that afternoon and night, and left for his home, about two miles west of Wadsworth, on foot, a little before 11 o'clock; that the defendant was

driving a Chevrolet coupe that afternoon and night; that she left Wadsworth about 11:15, driving in a westerly direction. It further appears that that evening, while in Wadsworth, the lenses to both the headlights of her car were in perfect condition; and that the left fender was in good condition. The evidence shows that the next morning defendant's car was found in Fernley, about three miles east of Wadsworth, with the lens of the left headlight broken out, and that the fender was badly damaged and the lamp knocked back. The body of deceased was found about seventy-five feet west of where his hat was lying on the shoulder of the south side of the paved highway. The condition of the body indicated that it had been dragged some distance. Glass from a Chevrolet car was found scattered from a point where the hat was found, for many feet. The hat, body, and glass were found about an hour after the defendant drove westerly from Wadsworth.

During the trial the justice of the peace who conducted the preliminary hearing testified over defendant's objection to a certain alleged conversation between him and defendant. It is strenuously insisted that the court committed prejudicial error in its ruling. The witness testified that at the preliminary hearing he had a "conversation" with the defendant in the presence of the district attorney, John Beyers, the court reporter and others, in which she stated relative to her condition on the evening of August 2, 1936: "I am willing to tell everything, but I don't remember much. I was pretty drunk."

Counsel for the defendant objected on the grounds that it was not the best evidence; that the law requires the evidence to be taken down, transcribed, and signed by the witnesses; that it was the duty of the justice to advise defendant of her rights; and that it was improper for the justice to conduct an independent examination.

Section 10775 N. C. L. (as amended by Laws 1933, c.

101) provides that the magistrate conducting a preliminary examination may employ a stenographer to take down and transcribe the testimony and proceedings of a preliminary hearing and that such testimony so transcribed and signed by the witness may be used by either party on the trial of the case when the witness is sick, out of the state, dead, or cannot be present. It is optional with the magistrate as to whether a stenographer shall be employed.

In this connection we think it proper to state that section 10776 N. C. L. provides that when the examination of the witnesses on the part of the state is closed, that the magistrate must inform the defendant that it is his right to make a statement in relation to the charge against him. Section 10778 provides the procedure to be followed in case the defendant chooses to make a statement. The two succeeding sections pertain to the correction and authentication of such statement. Section 10781 provides that if the defendant waives making a statement he may be sworn and examined as a witness and cross-examined.

At the time the court ruled on the objection there was nothing before it to show that any testimony had been taken at the preliminary hearing at the time of the so-called conversation testified to by the magistrate, nor was there any showing to the effect that the testimony at the preliminary hearing on the part of the state had been taken down and transcribed; nor was there any showing as to what the proceedings were, if any, pursuant to sections 10776 to 10781, inclusive, or any of them. In fact, the objection of counsel leaves the inference that the conversation was an independent examination.

It is true that there was some general talk relative to a transcript of the testimony, but it is nowhere contended that the defendant made a statement such as contemplated by section 10778, nor is it contended that she waived her right to make a statement and was sworn

and testified as a witness. Certainly the statement testified to by the magistrate might properly be given in evidence, if made in an extrajudicial or, as counsel says, in an "independent" proceeding, and at the time of the ruling of the court there was no showing that such was not the case.

■ On cross-examination the magistrate testified to the circumstances under which the defendant made the statement given in evidence against her. Had a motion been then made to strike the testimony of the magistrate, it would probably have been error had the court refused to sustain the motion, but under the showing at the time the court ruled upon the objection made no error was committed. Such being the fact, and no motion having been made to strike the statement, we cannot say that prejudicial error appears in the record.

■■ It is strenuously contended that the evidence is insufficient to sustain the verdict. As we pointed out in State v. Boyle, 49 Nev. 386, 248 P. 48, and previous decisions, article 6, section 4, of our constitution, and section 11085 N. C. L. are to the effect that appeals to this court in criminal cases can be taken on questions of law only; but we may say that we have carefully digested the evidence in this case, and it is not only ample to sustain the verdict, but we do not see how any other reasonable verdict could have been reached. The condition of the defendant's car before the killing of the deceased and its condition the next morning are very strong circumstances, unexplained, tending to show that it was defendant's car which killed the deceased. The testimony of the justice of the peace is to the effect that she said that she was "pretty drunk" the evening of the killing; but without this testimony there is sufficient evidence in the record to justify the jury in finding that she was in that condition at that time. The evidence really needs no consideration.

■■ It is contended that the court erred in giving instruction No. 5, which reads: "The court instructs

the jury that driving a motor vehicle upon a public highway by one who is intoxicated or under the influence of intoxicating liquor is criminal negligence in and of itself, that is, as a matter of law."

If it be conceded that this instruction standing alone would be misleading and prejudicial, we would not be justified in reversing the judgment, for the court gave another instruction which cures any error which may have been committed by the giving of the above instruction. The curative instruction reads: "You are instructed that it is not sufficient in this case for the prosecution to establish that the defendant Louise Beyers was intoxicated. It is essential to a conviction that the prosecution establish beyond a reasonable doubt that the defendant by reason of her intoxication, if you find she was so intoxicated, committed some act or omitted some duty in the driving of said car which was the approximate cause of the accident. It is essential in addition to the proof of intoxication, if you believe the defendant to have been the driver of the car in question, to prove beyond a reasonable doubt that in driving said car at the time and place alleged in the information, the defendant drove said car by reason of which the deceased was killed."

This instruction embodies all of the essential elements necessary for the jury to have found to exist as a prerequisite to finding her guilty. All of the instructions must be read together, and, from a reading of the instruction last quoted, it will be seen that the jury was told that before it could convict the defendant it must find, in addition to finding that she was intoxicated, that she was the driver of the car that killed deceased, and that she was driving it, at the time and place of killing him, in a reckless manner. This instruction is in harmony with section 4352 N. C. L.

A similar objection to that made to the instruction first quoted is made to other instructions. There is no conflict among the instructions given.

For the reasons pointed out, the defendant was in no way prejudiced.

Judgment affirmed.