## GEORGE D. SINGLETON, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6222

July 10, 1970                            471 P.2d 247

*James D. Santini,* Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Raymond D. Jeffers,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Batjer, J.:

A criminal complaint was filed charging the appellant with felony murder in count 1; open murder in count 2; and robbery in count 3. Prior to the introduction of evidence at the

preliminary examination, the state moved to dismiss two counts of the complaint.

The prosecutor stated his motion in the following words: "We would, therefore, move at this time that count 2, charging a felony murder, and count 3, charging robbery, be dismissed."

After the state had concluded its presentation of evidence and the appellant, through his counsel, indicated that he would not personally testify nor present any evidence, counsel moved to dismiss the charge against him because the state had failed to prove that the victim had been killed during the perpetration of a felony.[1]

The motion was denied. However, instead of binding the appellant over to district court on any particular count of the complaint, the justice of the peace bound him over on an open charge of murder. He objected upon the ground that the open murder charge had, by count number, been dismissed. That objection was overruled. Thereafter he filed his petition for a writ of habeas corpus upon that identical ground and contended under the provisions of NRS 178.562[2] that he was being illegally restrained.

At the hearing held on December 19, 1969, the judge of the district court expressed his concern over the fact that by count number the open murder charge had been dismissed. He referred to this as an "inadvertence;" quashed the writ; and remanded the case to justice's court to correct the "inadvertence."[3]

---

[1]The record indicates that counsel for the appellant was aware from the time the prosecutor made his motion that he had mistakenly stated count 2 when he should have stated count 1 when referring to the felony murder charge, however, it appears that neither the prosecutor nor the justice of the peace were aware of the mistake until the appellant made his motion to dismiss.

[2]NRS 178.562: "1. An order for the dismissal of the action, as provided in NRS 178.554 and 178.556, shall be a bar to another prosecution for the same offense.

"2. The discharge of a person accused upon preliminary examination shall be a bar to another complaint against him for the same offense, but shall not bar the finding of an indictment or filing of an information."

[3]In summary, the judge of the district court stated: "This relief having been rejected the court quashed the writ and ordered that we proceed with the initial arraignment. . . . This is continued until December 10th." The record is completely silent about what occurred on December 10th, however, the notice of appeal reads as follows: "NOTICE IS HEREBY GIVEN that GEORGE D. SINGLETON, petitioner in the above entitled action, charged with Murder, appeals to the Supreme Court of the State of Nevada from the denial of his application for a Writ of Habeas Corpus in Department No. 1 of the

The appellant contends that he was being illegally held on an open murder charge which had been dismissed by the justice of the peace at the outset of the preliminary hearing, upon the motion of the prosecutor, and that the trial court erred when it denied his petition for a writ of habeas corpus.

We find that the appellant was not being illegally held and that he was not entitled to discharge upon habeas corpus.

Here we are not concerned with a case where a district attorney moves to dismiss certain counts of a complaint by number alone, but instead, with one where the prosecutor unmistakably stated that he moved only to dismiss the counts charging a felony murder and robbery. The fact that he misstated the number of the counts is meaningless. Such a mistake is analogous to a clerical error. To give credence to the appellant's contentions would be to indeed exalt form over substance.

The appellant cites no case law to support his position and the statutes which he relies upon are inapposite.

In any event the appellant stood by and without objection or a motion to strike permitted the state to present its case on the open murder charge. Under those circumstances he waived any right he might have had to complain. No prejudicial error appears in the record. Cf. State v. Beyers, 58 Nev. 125, 71 P.2d 1044 (1937).

Having heard the evidence, which had not been controverted, the justice of the peace was compelled under NRS 171.206[4] to hold the appellant to answer to a charge of murder. Howard v. Sheriff of Clark County, 83 Nev. 150, 425 P.2d 596 (1967); Miner v. Lamb, 86 Nev. 54, 464 P.2d 451 (1970).

Eighth Judicial District Court on December 10, 1969. Petitioner contends therein that he was improperly held to answer for open Murder because that charge had been dismissed by the Justice of the Peace prior to the commencement of the preliminary hearing in question."

[4]NRS 171.206: "If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall forthwith hold him to answer in the district court; otherwise the magistrate shall discharge him. The magistrate shall admit the defendant to bail as provided in this Title. After concluding the proceeding the magistrate shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him."

In State v. Pansey, 61 Nev. 333, 128 P.2d 464 (1942), this court said: "Appellant argues further that he was entitled to another preliminary hearing because the information on which he was tried did not follow the complaint of the justice's court. We think it did; but even if it did not, that alone would not have entitled him to another preliminary examination, because under the provisions of section 10785 N.C.L., 1929, accused may be held to answer for a public offense other than that charged in the complaint."[5] See also Marcum v. Sheriff, 85 Nev. 175, 451 P.2d 845 (1969). Cf. Goldsmith v. Sheriff, 85 Nev. 295, 454 P.2d 86 (1969).

The order of the district court denying the appellant's petition for a writ of habeas corpus is affirmed. However, this opinion is not to be construed as affirming the district court's order returning the matter to the justice's court.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[5]10785 N.C.L., 1929, and NRS 171.206 are found to be comparable statutes.