JOSEPH E. KOZA, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9373

January 19, 1977                    559 P.2d 394

*Swanson & Momot, Ltd.,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Joseph E. Koza was charged, by criminal complaint, with three separate counts of robbery (Nev. Rev. Stat. § 200.380) and the use of a deadly weapon in commission of a crime (Nev. Rev. Stat. § 193.165). At the conclusion of a preliminary examination the magistrate ordered that Koza stand trial on "count number one and count number two of the criminal complaint."

The information filed by the prosecuting attorney charged Koza with the three (3) counts that had been set forth in the criminal complaint. Koza challenged count three with a timely filed petition for a writ of habeas corpus; however, for reasons unexplained in the record, the district judge denied the habeas challenge and in this appeal Koza argues we are compelled to reverse. We agree.

The prosecutor suggests that it is permissible to include "count three" in the charge because the magistrate's failure to order that Koza be tried on that count must have been "mere inadvertence like that found in Singleton v. Sheriff, 86 Nev. 590, 471 P.2d 247 (1970)." *Singleton* is inapposite and the prosecutor's reliance on the case is therefore misplaced. There, the prosecutor had moved to dismiss counts charging felony murder and robbery; however, he misstated the numerical designation of those two counts and, in affirming the order denying a habeas challenge, we ruled that "[s]uch a mistake is analogous to a clerical error." *Id.* at 592, 471 P.2d at 249. In the instant case, the record is barren of any statement—or misstatement—of the prosecutor that might be construed to sustain a claim of "inadvertence" or "mistake."

We will not *presume* the magistrate's failure to include count three in his order was "mere inadvertence." If, in fact, such was the case, the prosecutor's remedy is delineated in Nev. Rev. Stat. § 176.565, which provides, in part: "Clerical mistakes . . . and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Here, there was no request to the

magistrate to correct the mistake if, indeed, there was a mistake.

In this factual context, and in the absence of a finding—by the magistrate—that the accused probably committed the crime charged in count three and that he should be tried therefor, the prosecuting attorney was not authorized to lodge an information charging such crime. Nev. Rev. Stat. § 173.035(1)(a).[1] Accordingly, we reverse and remand this case to the district court with instructions to grant the writ of habeas corpus.[2]

---

[1]The statute provides, in pertinent part: *"An information may be filed* against any person for any offense *when the person . . .* [h]as had a preliminary examination . . . and *has been bound over. . . ."* (Emphasis added.)

[2]In the procedural posture presented we make no observation regarding the prosecutor's right, if any there may be, to again charge the accused with the crime delineated in "count three." Cf. Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969); McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970); Nev. Rev. Stat. § 173.035(2).