ROY DEAN WARD, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8273

September 22, 1977                         569 P.2d 399

*Morgan D. Harris,* Public Defender, and *Thomas Leen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Rimantas A. Rukstele,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Roy Dean Ward entered a plea of guilty to robbery. When sentence was imposed the district judge said:

> It's the judgment and sentence of this Court, Mr. Ward, that you be sentenced to the Nevada State Prison for a period of ten years. [NRS 200.380(2).[1]] Execution of that sentence, however, is suspended.
>
> You will be required to be confined in the Clark County Jail for a period of one year, without credit for time served. The balance of time will be on probation.
>
> And if you violate that probation during that period of time, you will be sent to the Nevada State Prison for the balance of your term, nine years.

Ward served 153 days in the Clark County Jail as a condition of probation before the district judge suspended the remainder of the one year term and ordered Ward released. NRS 176.205.[2] Ward failed to avail himself of the opportunity

---

[1]NRS 200.380(2): "Every person who shall commit robbery shall be punished by imprisonment in the state prison for not less than 1 year nor more than 15 years."

[2]NRS 176.205: "By order duly entered, the court may impose, and may at any time modify, any conditions of probation or suspension of sentence. The court shall cause a copy of any such order to be delivered to the parole and probation officer and the probationer."

to reform and was subsequently arrested for probation violation. *See* NRS 176.215(1)–(2).[3] Probation was revoked and the original sentence of ten years reinstated. Ward moved to amend the order of revocation to allow credit for (1) the fourteen days he was incarcerated awaiting his revocation hearing and (2) the 153 days served in the county jail. The district court denied the motion and this appeal was instituted.

1. Ward contends that Anglin v. State, 90 Nev. 287, 525 P.2d 34 (1974), mandates that he receive credit for the fourteen days he was incarcerated in the county jail awaiting revocation. The *Anglin* rule does not apply to time spent in jail awaiting a revocation hearing.

2. The sentence, as articulated by the district judge, was ambiguous. There is a dearth of authority resolving the problem posed by an ambiguity in the sentence of a criminal defendant. Here, we need not, and therefore do not, attempt to resolve the ambiguity. Neither do we specifically decide whether an accused who has spent some time in jail as a condition of probation may receive credit for that period of incarceration, after probation is revoked and the original sentence is imposed. *Cf.* State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969).

Under the unique circumstances of this case, the prisoner was entitled to rely upon a favorable or advantageous construction of the ambiguous part of the sentence which, he contends, led him to believe that he would receive credit for the time he has served in county jail.

---

[3]NRS 176.215(1)–(2): "1. The period of probation or suspension of sentence may be indeterminate or may be fixed by the court and may at any time be extended or terminated by the court. Such period with any extensions thereof shall not exceed 5 years.

"2. At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Any parole and probation officer or any peace officer with power to arrest may arrest a probationer without a warrant, or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the probationer has, in the judgment of the parole and probation officer, violated the conditions of probation. The parole and probation officer, or the peace officer, after making an arrest shall present to the detaining authorities a statement of the charges against the probationer. The parole and probation officer shall at once notify the court which granted probation of the arrest and detention of the probationer and shall submit a report in writing showing in what manner the probationer has violated the conditions of probation."

In resolving a similar problem, another court said:

The question here is not merely one of the intention of the judge imposing the sentence, and the method of ascertaining it; it is also a question of the adequate expression of that intent within acceptable standards of certainty in dealing with the liberty and lives of those charged with violations of the law. Ex parte Parker, 35 S.E.2d 169, 172 (N.C. 1945).

The language in *Parker* seems particularly appropriate here. A reasonable person in the shoes of Ward could, as Ward did, justifiably rely upon a favorable construction of the particular sentence. Basic fairness requires giving the prisoner credit for the 153 days where, as here, such reliance is coupled with the failure of the prosecutor to suggest that the judge correct the ambiguity. *See* NRS 176.565; Singleton v. Sheriff, 86 Nev. 590, 471 P.2d 247 (1970). Accordingly, we reverse and instruct the district court to so modify the order of revocation.