PETE DEMOSTHENES, RECORDS OFFICER, CHARLES L. WOLFF, JR., DIRECTOR OF PRISONS, APPELLANTS, *v.* W. C. WILLIAMS, JR., JOE WALSH, JOSEPH KAZALYN, LEROY COLLINS, KEITH ROBINSON, AND GEORGE MILLER, RESPONDENTS.

No. 12962

December 22, 1981                637 P.2d 1203

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 19; SCR 10.

*Richard H. Bryan,* Attorney General, *Ernest E. Adler* and *Brooke Nielsen,* Deputy Attorneys General, Carson City, for Appellants.

*Vargas & Bartlett,* Reno, and *Powell & Lambrose, Ltd.,* Carson City, for Respondents.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Bruce R. Laxalt,* Deputy District Attorney, Washoe County, as Amici Curiae.

## OPINION

By the Court, MANOUKIAN, J.:

The trial court issued a writ of mandamus ordering appellant, Nevada Department of Prisons, to apply good time credits to reduce the minimum sentences respondents must serve before becoming eligible for parole. The issue confronting us in this appeal by the State is whether good time credit provisions of NRS 209.433 apply to the parole eligibility of persons convicted under NRS 200.030 (Murder), NRS 200.320 (Kidnapping), and NRS 200.366 (Sexual Assault). We find NRS 209.443 applicable, and the minimum term respondents are to serve before parole eligibility is to be reduced by their good time credits.

Respondents are inmates at the Nevada State Prison. Three of the six inmates are serving sentences of varying lengths, pursuant to NRS 200.366 (Sexual Assault). One has a sentence of five years to life, pursuant to NRS 200.030 (Murder). The two remaining respondents have sentences of life with the possibility of parole, pursuant to NRS 200.030 (Murder) or NRS 200.320 (Kidnapping).

Whether these offenders are entitled to apply good time credits to their parole eligibility is a matter of statutory interpretation. *See* Biffath v. Warden, 95 Nev. 260, 593 P.2d 51 (1979). NRS 213.120, the "general" parole statute, provides:

Except as otherwise limited by statute for certain specified offenses, a prisoner may be paroled when he has served:

1. One-third of the definite period of time for which he has been sentenced pursuant to NRS 176.033, less good time credits; or

2. One year, whichever is longer.

This statute exempts from its provisions "certain specified offenses," among them sexual assault, murder and kidnapping—the crimes attributed to respondents. The three offenses have unique parole provisions which indicate a minimum time that is to be served prior to parole eligibility.[1]

NRS 209.443 requires that earned good time credits be deducted from an inmate's sentence. It provides in part:

1. *Every offender* who is sentenced to an institution . . . shall be allowed for the period he is actually incarcerated under sentence [deductions for good time credits].

2. . . . The total good time made shall be deducted from the maximum term imposed by the sentence and shall apply to parole eligibility as provided by law.

. . . .

4. *Each offender* is entitled to the deductions allowed by this section. . . . (Emphasis added.)

Appellants contend that the phrase "as provided by law," in NRS 209.443 precludes those imprisoned for the specified offenses (*i.e.,* murder, sexual assault, kidnapping, etc.) from applying good time credits to their parole eligibility. The state

---

[1]NRS 200.030(4) (First Degree Murder) is representative of these special parole requirements:

Every person convicted of murder of the first degree shall be punished:

(a) By death, only if one or more aggravating circumstances are found and any mitigating circumstance or circumstances which are found do not outweigh the aggravating circumstance or circumstances.

(b) Otherwise, by imprisonment in the state prison for life with or without possibility of parole. If the penalty is fixed at life imprisonment with possibility of parole, eligibility for parole begins when a minimum of 10 years has been served.

*See* NRS 200.366(2) (Sexual Assault) and NRS 200.320 (Kidnapping) for the other relevant parole provisions.

argues that for these offenses, the law prescribes minimum sentences which must be served before an inmate can be eligible for parole. Appellants concede that respondents may apply good time credits to their maximum sentences.

NRS 209.443 contains no limiting language. The provisions apply to "each" and "every" offender. If we adopted appellants' interpretation and applied the earned credits only to the parole eligibility of offenders whose crimes are covered by the general parole statute (NRS 213.120), the clear meaning of NRS 209.443 would be obfuscated. The statute is plain and unambiguous; in such cases the statutory meaning must be deduced solely from the language, and neither this court nor the trial court has the right to go beyond the face of the statute. Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1015 (1979); State ex rel. Hess v. Washoe County, 6 Nev. 104, 107 (1870). *See also* Application of Filippini, 66 Nev. 17, 202 P.2d 535 (1949).

Even if we were to assume that there is an ambiguity in NRS 209.443, the ambiguity should be resolved in favor of the respondents. We have repeatedly held that where there is ambiguity in the language of a penal statute, "that doubt must be resolved in favor of the individual." Ex parte Davis, 33 Nev. 309, 318, 110 P. 1131, 1135 (1910). *Accord,* Sheriff v. Hanks, 91 Nev. 57, 530 P.2d 1191 (1975); Labor Comm'r v. Mapes Hotel Corp., 89 Nev. 21, 505 P.2d 288 (1973). Admittedly, NRS 209.443 is not wholly penal—it is not a statute which imposes a penalty for transgressing its provisions. State v. Wheeler, 23 Nev. 143, 152, 44 P. 430, 432 (1896). Nonetheless, the statute is penal in nature; the same rationale would compel us to construe it in respondents' favor. *Cf.* Ward v. State, 93 Nev. 501, 569 P.2d 399 (1977) (ambiguity in criminal sentence to be resolved in favor of defendant).

Appellants' interpretation would be repugnant to the state's interest in providing reasonable incentives for law-abiding inmate conduct. Good time credits are intended to encourage cooperative behavior during incarceration in order to foster an orderly, wholesome and rehabilitative prison atmosphere. *See* People v. Doganiere, 150 Cal.Rptr. 61 (Cal.App. 1978). *Cf.* Rezin v. State, 95 Nev. 461, 596 P.2d 226 (1979) (habitual criminal statute enacted to discourage repeat offenses and encourage behavior reform).

There is no language in any of the parole statutes for the three "specified offenses" which suggest the legislature intended good time credits not to apply to parole eligibility, nor do appellants provide us with reliable legislative history suggesting the legislature intended a contrary result.

We agree with the trial court that the good time credit provisions of NRS 209.443 apply to the parole eligibility of all inmates entitled to eventual parole, regardless of the minimum sentence specified in the relevant statute.

The district court's order granting the writ of mandamus is affirmed.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.