JAMES A. HAND, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 21215

August 28, 1991                    816 P.2d 468

*Carter King,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Belinda Quilici,* District Attorney, and *Bradley M. Bittan,* Deputy District Attorney, Pershing County, for Respondent.

## OPINION

By the Court, BLAKE, D. J.:[1]

Appellant James A. Hand was convicted, upon jury verdict, of two counts of being an ex-felon in possession of a firearm and one count of possession of a controlled substance with intent to sell. Hand received consecutive one-year sentences on the firearm convictions and a consecutive three-year sentence on the crime of possession with intent to sell. Hand raises various issues concerning the three convictions, claiming that trial court error was prejudicial and therefore a mandatory basis for reversal. We disagree and affirm.

### Facts

Armed with warrants for the arrest of appellant, and a search

---

[1]The Honorable Archie E. Blake, Judge of the Third Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Justice. Nev. Const., art. 6, § 4.

of his residence, Pershing County Deputy Sheriff Zuwala proceeded on a gravel road in the direction of Hand's home. Shortly before arriving at the residence, the deputy saw Hand driving toward him from the opposite direction. Ignoring Deputy Zuwala's instruction to pull over, Hand accelerated down the gravel road with law enforcement vehicles pursuing him at approximately 65 miles per hour. At all times during the chase the pursuing deputies had lights flashing and sirens in operation. As the pursuit continued, Deputy Paige saw Hand throw a blue bag out of the pickup. Upon retrieving the bag, five loaded handguns were discovered inside. After Hand finally stopped, the search warrant was served, and a subsequent search of his residence produced a .22 rifle, 30.06 rifle and a shotgun. The searching deputies also found a number of small plastic bags containing methamphetamine.

## Discussion

Hand contends on appeal that the jury verdict convicting him of possession of methamphetamine with the intent to sell was unsupported by the facts. He argues that the State presented no evidence that he sold methamphetamine to a government agent or anyone else. Also, under the apparent misapprehension that mitigating evidence produced at sentencing somehow vitiates a trial conviction, Hand emphasizes that he called some fifteen character witnesses from the town of Imlay, all of whom testified that he had not sold or tried to sell them drugs. This court will not disturb a jury finding when such finding is supported by substantial evidence. Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981).

Hand was residing alone and a lawfully conducted search produced various packets of methamphetamine packaged in the usual form for sale. The packages, or bindles, were in saleable quantities and the methamphetamine was cut with a unique substance of the same kind that Hand, in the course of his testimony, admitted purchasing. We conclude that there was substantial evidence to support the jury's verdict finding Hand guilty of possession of methamphetamine with the intent to sell.

Hand's primary contentions revolve around his convictions for violating NRS 202.360, being an ex-felon in possession of a firearm. We deem it necessary to address only a few of the numerous issues raised by Hand on this aspect of his appeal, the others being patently without merit.

In 1962, Hand pled guilty to a felony in Washoe County district court and was placed on probation for one year. At the

time of entering his guilty plea and at the time of sentencing, Hand was represented by counsel. Hand was honorably discharged from probation in 1963, and the pertinent part of his discharge read:

> IT IS THEREFORE ORDERED that the said probationer's plea of guilty be changed to that of not guilty, and the information herein dismissed.
>
> IT IS FURTHER ORDERED that said probationer be, and is hereby discharged from supervision and from any obligation respecting the condition of said probation heretofore imposed by this court in accordance with the statute in such cases made and provided.

Hand's principle argument is that he was not convicted of a felony under NRS 202.360, because the 1963 order effectually withdrew his guilty plea and dismissed the charges against him, thus mandating that his conviction be expunged. Consequently, Hand contends that the above 1963 order restored his right to bear arms.

Hand cites Bearden v. City of Boulder City, 89 Nev. 106, 507 P.2d 1034 (1973), as authority for the proposition that his "expunged" conviction cannot be used as a predicate for his ex-felon in possession of a firearm conviction. Hand is wrong. *Bearden* is not only distinguishable on the facts, the holding is not based on an expunging principle. Moreover, Hand's 1962 conviction was not expunged.

The issue of whether an honorable discharge from probation effectively precludes a conviction under NRS 202.360 is one of first impression. Since Hand's previous conviction occurred in 1962, it is necessary to examine the applicable probation discharge statutes then in effect with the relevant statute in effect at the time of the present conviction.

NRS 176.340, which was repealed in 1967, was the operative statute concerning the fulfillment of probationary conditions at the time of Hand's prior felony conviction in 1962. In pertinent part, the statute then read:

> 176.340 When conditions of probation fulfilled, defendant may withdraw guilty plea and enter plea of not guilty; court may set guilty verdict aside; dismissal of indictment or information.
>
> 1. Every defendant who has fulfilled the conditions of his probation for the entire period thereof . . . may at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty . . . the court shall thereupon dismiss the indictment or information against such defendant, who shall thereafter be released

from all penalties and disabilities resulting from the offense or crime of which he has been convicted.

. . . .

3. [I]n any subsequent prosecution of the defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the indictment or information had not been dismissed.

Hand's contention is that the above statute, in conjunction with the discharge of probation order, effectively immunized him from liability under NRS 202.360. In so arguing, Hand fails to adequately consider the language in subsection 3 of the statute, which, as we shall hereafter discuss, is dispositive of the issue.

The statute which replaced NRS 176.340 in 1967, NRS 176.225, reads in pertinent part as follows:

176.225 Honorable discharge from probation; application to restore civil rights; prior conviction may be used for impeachment.

1. Every defendant who:

(a) Has fulfilled the conditions of his probation for the entire period thereof, . . . . may be granted an honorable discharge from probation by order of the court.

. . . .

3. A person honorably discharged from probation is free from the terms and conditions of his probation and may apply to the court, in person or by attorney, pursuant to NRS 176.227, for the restoration of his civil rights. He must be informed of this privilege in his probation papers.

4. A person honorably discharged from probation who has had his civil rights restored by the court:

(a) Is exempt from the requirements of NRS 207.090, but is not exempt from the requirements of NRS 207.152.

(b) May vote, hold office or serve as a juror.

. . . .

5. The prior conviction of a person whose civil rights have been restored or who has been honorably discharged from probation may be used for purposes of impeachment. In any subsequent prosecution of the person who has had his civil rights restored or who has been honorably discharged from probation, the prior conviction may be pleaded and proved if otherwise admissible.

Although NRS 176.340 and NRS 176.225 are dissimilar in certain respects, they are consistent concerning the future use of a conviction where the defendant has been honorably discharged from probation. Both statutes allow such convictions to be used in

subsequent prosecutions. We hold that such subsequent prosecutions include a violation of NRS 202.360 unless the right to possess firearms has been specifically restored according to law. In this case, Hand's right to posses firearms had not been restored.

Next, Hand argues that his conviction for possessing the long guns found in his residence should be reversed on the basis that NRS 202.360 was changed in pertinent part from possession of a concealable firearm to possession of any firearm. However, the referenced change took place after Hand's 1962 conviction. The language was changed and in force with respect to the possession of "any firearm" prior to Hand's commission of the instant offense. The enactment or amendment of a statute imposing a harsher penalty after a prior conviction is not an ex post facto law. Weh Him Fong v. United States, 287 F.2d 525 (9th Cir. 1961). Since Hand possessed the long guns after NRS 202.360 was amended in 1985, he violated the law that was already in effect.

Finally, Hand contends, and so testified at trial, that he did not willfully violate NRS 202.360. The jury heard his testimony, evaluated the evidence presented and determined that Hand was guilty. Hand's protestations of innocence were belied by his registration as an ex-felon in Sparks in 1973 and his attempt to elude pursuing deputies while throwing numerous firearms from his vehicle window. There was substantial evidence upon which the jury could base its conclusion that Hand was guilty as charged, and where, as here, substantial evidence exists in support of a jury's verdict, this court will not disturb it despite the existence of conflicting evidence. *Bolden,* 97 Nev. at 73, 624 P.2d at 20.

We have reviewed the other issues and arguments presented by Hand and conclude that they are without merit. Accordingly, we affirm the judgment entered by the district court.

MOWBRAY, C. J., and STEFFEN, J., concur.

ROSE, J., with whom SPRINGER, J., agrees, concurring and dissenting:

In 1963, more than two decades ago, James Hand completed a one-year probationary period assessed against him for a felony conviction. The district court ordered that Hand's guilty plea be changed to not guilty, and it dismissed the information. At the time, the law indicated that when the court dismisses the indictment or information against a defendant, *"the defendant is there-*

*after released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."* NRS 176.340(1) (repealed in 1967) (emphasis added). The majority correctly states that both the present statute (NRS 176.225) and the former statute (NRS 176.340) allow such prior convictions to be used in subsequent prosecutions. However, the majority incorrectly asserts that such subsequent prosecutions include a violation of NRS 202.360 unless the right to possess firearms has been specifically restored according to law.

NRS 202.360 provides that a person who has been convicted of a felony may not own, possess or have custody or control of any firearm, unless he has received a pardon and his right to bear arms specifically has been restored. However, NRS 202.360 and NRS 176.340 are inconsistent. The majority ignores the fact that the statutory scheme in effect when Hand was convicted in 1962 is notably different from the statutory scheme today. In 1962, pursuant to NRS 176.340(1), the law did not place upon the defendant the affirmative burden of applying for the restoration of his civil rights. To the contrary, NRS 176.340(1) simply stated that the defendant is released from all penalties and disabilities resulting from the crime. The current version of the statute, NRS 176.225(3), does indeed now place an affirmative burden upon the defendant to apply for the restoration of his civil rights.

I am at a loss to comprehend the majority's reliance upon a comparison of NRS 176.340(3) to NRS 176.225(5) in support of its contention that NRS 176.340 does not release Hand from all penalties and disabilities, including status as an ex-felon. The above-mentioned sections appertain to the use of prior convictions for such purposes as impeachment in a subsequent trial and penalty enhancement. These sections are not of consequence in determining whether Hand's civil rights were restored.

I believe NRS 176.340 clearly and unambiguously provided that Hand is released from all penalties and disabilities resulting from his felony conviction, and therefore, he is no longer an ex-felon for purposes of Nevada law. The majority opinion interprets NRS 176.340 differently. This is a persuasive indication that the statute is ambiguous. *See* McKay v. Bd. of Supervisors, 102 Nev. 644, 730 P.2d 438 (1986). Because penal statutes should be construed in favor of the accused, Demosthenes v. Williams, 97 Nev. 611, 614, 637 P.2d 1203, 1204 (1981), NRS 176.340, should be interpreted to mean that release from all penalties and disabilities includes the penalty that an ex-felon is not permitted to possess firearms. Accordingly, I respectfully dissent.

I concur as to the one count of possession with intent to sell a controlled substance.