**Kirk Allen BAKER, Plaintiff,**

v.

**ELKO COUNTY, et al., Defendants.**

**No. CV–N–93–216–ECR.**

United States District Court,
D. Nevada.

Aug. 13, 1993.

As Amended Aug. 30, 1993.

Donald York Evans, Reno, NV, for plaintiff.

William G. Cobb, Erickson, Thorpe & Swainston, Reno, NV, for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff in this case alleges that his civil rights were transgressed by reason of an allegedly pretextual search of his residence. The Defendants in this case have filed a Motion to Dismiss (document # 3) asserting that the complaint fails to state any type of actionable civil rights claim upon which relief can be granted.

■ A court may grant a motion to dismiss for failure to state a claim on which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Adult Video Assoc. v. Barr* 960 F.2d 781, 784 (9th Cir. 1992). A court may only look to the facts alleged in the complaint when deciding whether to grant a 12(b)(6) motion. *Id.* All material facts alleged in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Amfac Mortgage Corp. v. Arizona Mall of Tempe* 583 F.2d 426, 430 (9th Cir.1978).

■ Plaintiff is a "former ex-felon" who admittedly was in possession of firearms. The "former ex-felon" status was achieved when he was honorably discharged from probation, his plea of guilty was changed to not guilty, and the Court ordered that he be released from all penalties and disabilities for the crime of which he had been convicted in 1977. Plaintiff alleges that when he became a resident of Elko County in 1987 he inquired specifically as to whether or not he had to register as an ex-felon and whether he was barred from owning firearms and was informed by the Sheriff's Office that he did not have to register as an ex-felon and could possess firearms. Plaintiff further alleges that the Sheriff's Office specifically learned of his ownership of firearms when he so informed them in 1991 during an interview pursuant to a murder investigation by the Sheriffs office and when a firearm (registered to plaintiff) was recovered from an arrested hitchhiker and returned to him.

Plaintiff alleges that the Sheriff's Office used his ex-felon status and gun possession as a pretextual excuse to obtain a search warrant in order to search his residence in October of 1991 in an attempt to uncover evidence relating to the murder investigation.[1] In addition, Plaintiff contends no probable cause for the search of his residence pursuant to the firearm possession.

■ Accepting every allegation in plaintiff's Complaint, the Court finds there was probable cause to obtain a search warrant for plaintiff's residence. The issue of whether or not a felon who is honorably discharged from probation, has his charge of guilty changed to not guilty, and is released by a court's order "from all penalties and disabilities for the crime of which he had been convicted" is considered an ex-felon for the purposes of NRS 202.360 (crime for an ex-felon to be in possession of a firearm) has been squarely decided by the Nevada Supreme Court in *Hand v. State*, 107 Nev. 577, 816 P.2d 468 (1991). Honorable discharge from probation (NRS 176.225) still imposes upon a convicted person the obligation to apply to the State to have his or her civil rights restored, including the right to possess firearms, should the person so desire. In *Hand* the Court held that unless the right to possess firearms has been specifically restored subsequent prosecution includes a violation of NRS 202.360. *Hand* 816 P.2d at 5. In the case at hand, plaintiff's right to possess firearms has not been restored and as matter of law, plaintiff cannot possess firearms until he applies to Nevada to have his civil rights restored. Consequently, the Sheriff's deputies had probable cause to obtain a search warrant.

■ A magistrate's determination of probable cause will be reviewed for clear error. *United States v. Terry*, 911 F.2d 272 (9th Cir.1990). The magistrate must have substantial basis for issuing the warrant. *Id.* In this case the plaintiff does not deny his status as a felon who received honorable discharge from probation but did not seek reinstatement of his civil rights nor does he deny the fact that he openly possessed firearms. Probable cause is determined by a "totality of the circumstances test" whereby the magistrate makes a common sense decision as to whether all the given circumstances demonstrate probable cause. There is no denying from the facts not at issue in this case, that there was probable cause to issue a search warrant regardless of any alleged omissions the defendant Deputy Kolsch made to the magistrate regarding advice the plaintiff had received earlier regarding his felony status. It is against the law for ex-felons to possess firearms, plaintiff is considered an ex-felon for these purposes, the plaintiff possessed firearms.

■ Because the deputies lawfully searched plaintiff's residence with a search warrant obtained pursuant to the ex-felon-possession issue, they did not violate any right privilege or immunity guaranteed to the plaintiff. Even assuming that the real motive of the deputies was to search for evidence relating to the unsolved murder, the fact that an officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action. *Scott v. United States*, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978). The determination of probable cause is made solely on an objective basis. As such, plaintiffs allegations of a "pretextual search" neither invalidates the warrant nor gives rise to a viable § 1983 claim. *See United States v. Hare*, 589 F.2d 1291 (6th Cir.1979); *United States v. Robinson*, 414 U.S. 218, 236, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973).

The law is clear that plaintiff was susceptible to prosecution in Nevada for being an ex-felon in possession of a firearm. The law enforcement authorities in Elko County had probable cause to search plaintiff's residence. Regardless of ulterior motives alleged by the plaintiff, the search was legal and cannot be voided. Plaintiff has no viable civil rights claim. A valid search warrant was issued

---

1. Plaintiff alleges there was no probable cause to conduct a search of his residence with regard to the murder investigation.

and executed. No Fourth Amendment violation occurred and consequently there is no actionable civil rights claim.

IT IS, THEREFORE, HEREBY ORDERED that defendants' motion to dismiss (document # 3) is GRANTED.

IT IS FURTHER ORDERED that this complaint be dismissed as to the individual defendants as well as the County. The Clerk shall enter judgment accordingly.