**Walter Herman CHRISTIE, et al., Plaintiffs—Appellants,**

v.

**Amy BARATS, et al., Defendants—Appellees.**

No. 02–16049.

D.C. No. CV–00–00451–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 24, 2003.*

Decided April 11, 2003.

Before CHOY, FARRIS and LEAVY, Circuit Judges.

### MEMORANDUM**

Walter and Charmaine Christie appeal pro se the district court's summary judgment in their 42 U.S.C. § 1983 action alleging violation of their Fourth and Fifth amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment on the ground of qualified immunity. *See Case v. Kitsap County Sheriff's Dept.*, 249 F.3d 921, 925 (9th Cir.2001).

The facts are known to the parties and need not be fully recited. Walter Christie maintains that he is not an ex-felon, and that he has no legal obligation to apply to have his right to possess firearms restored. He claims that the sheriffs and prosecutors who seized firearms from his home and have not returned them to him, and the county clerk who removed his name from the voter registry, violated his constitutional rights.

Christie was honorably discharged from probation in 1973. Christie argues that a later-enacted honorable discharge statute is not applicable to him and is an ex post facto law. He argues that because he was discharged in 1973, the 1973–version of the discharge statute controls. A very similar argument was rejected by the Nevada Supreme Court in *Hand v. State*, 107 Nev. 577, 816 P.2d 468 (1991).

Christie argues that the *Hand* case is distinguishable from his case because the statutes involved in *Hand* (the ex-felon in possession of a firearm statute and the probation discharge statute) were each amended and are different from the statutes applied in his case. Christie also argues that, under *Creps v. State*, 94 Nev. 351, 581 P.2d 842 (1978), he was "pardoned" of his underlying conviction and need not seek reinstatement of his civil rights. These arguments are unpersuasive because the *Hand* decision is not based upon the variations in the language of the prior statutes, but instead upholds the applicability of the then-current probation discharge statute (which places an affirmative burden on the defendant to apply for a restoration of his civil rights), *notwithstanding* the fact that the prior statutory schemes were notably different. *Hand*, 816 P.2d at 470–471. Furthermore, the *Creps* decision does not hold that an honorable discharge is a "pardon"; rather, the decision in dicta explains that the power to alleviate a sentence (the "parole" power) and the power to vacate an underlying sentence (the "pardon" power) are "to a large extent dually allocated by the Legislature pursuant to constitutional mandate between the Judicial and Executive branches of state government in overlapping fashion." *Creps*, 581 P.2d at 846.

Christie argues that because he was acquitted by a jury on the twenty-five counts of being an ex-felon in possession of a firearm, the defendants should have returned the firearms to him and reinstated his right to vote. The judgment of acquittal means that Christie is not guilty as charged of being an ex-felon in possession

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

of firearms. The *Hand* decision, however, holds that, under Nevada law, Christie still must apply to have his civil rights restored.

Accordingly, the sheriffs, prosecutors, and county clerk were entitled to qualified immunity because their conduct towards the Christies was reasonable under the circumstances known to officials at the time, in light of clearly established Nevada law. *See Case,* 249 F.3d at 926.

Finally, the Christies argue that Charlene Christie's claims were not adequately considered in the district court. Our review of the record indicates that Charmaine Christie was properly joined as a party and that her separate claims were duly considered by the district court prior to its final judgment. *See Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 312 (9th Cir. 1982).

The judgment of the district court is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.