**ADULT VIDEO ASSOCIATION; Doe, Inc.; Roe, Inc.; Paul Poe, Plaintiffs–Appellants,**

v.

**Janet RENO,\* Attorney General of the United States, Defendant–Appellee.**

No. 90–55252.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1994.

Before: TANG, REINHARDT, and WIGGINS, Circuit Judges.

Adult Video Association, Doe, Inc., Roe, Inc., and Paul Poe (collectively, "Adult Video") filed an action seeking a declaration that the federal Racketeer Influenced and Corrupt Organizations Act's ("RICO") criminal penalty provisions found under 18 U.S.C.

\* Attorney General Janet Reno is substituted for William Barr as defendant/appellee, pursuant to Fed.R.App.P. 43(c).

§ 1963 are facially unconstitutional when enforced against obscenity offenses. The district court granted the government's motion to dismiss for failure to state a claim. Adult Video appealed the district court's dismissal of its First Amendment challenge to RICO's criminal penalty provisions. We affirmed in part and reversed in part, holding that (1) Adult Video satisfied standing and ripeness requirements; (2) RICO's criminal penalty provisions were neither unconstitutionally chilling nor overbroad; (3) the provision authorizing pre-trial seizures of obscene materials was unconstitutional; and (4) the provisions authorizing post-trial forfeiture were facially invalid to the extent they authorized forfeiture of "those assets or interests of the defendant invested in legitimate expressive activity being conducted by parts of the enterprise uninvolved *or only marginally* involved in the racketeering activity." *Adult Video Ass'n v. Barr,* 960 F.2d 781, 791 (9th Cir.1992).

The government filed a petition for writ of certiorari, which was granted. *Reno v. Adult Video Ass'n,* —— U.S. ——, 113 S.Ct. 3028, 125 L.Ed.2d 716 (1993). The Supreme Court vacated our judgment and remanded the case to us for further consideration in light of *Alexander v. United States,* —— U.S. ——, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). *Id.* Upon further consideration, we conclude that parts I, II, III, IV, V(A) and V(B)(1) of our prior opinion's discussion section are either supported or unaffected by *Alexander* and, therefore, order that those parts be readopted in their entirety. However, we conclude that part V(B)(2) of our prior opinion's discussion section, as well as our conclusion section referencing RICO's post-trial criminal forfeiture provisions, is affected by *Alexander* and cannot be readopted.

In part V(B)(2), we expressed our concern that RICO's post-trial criminal forfeiture provisions, although not a prior restraint, raised constitutional concerns about curtailing legitimate speech in the name of fighting obscenity. *Adult Video Ass'n,* 960 F.2d at 790. We noted that the scope of those provisions "is extremely broad, reaching nearly every asset remotely connected with the offense," and held that to the extent that 18

U.S.C. § 1963 "mandates forfeiture of more property than the Constitution will tolerate as punishment for an obscenity offense, the statute is unconstitutional on its face." *Id.* To that end, we concluded that "[a]t the very least, those assets or interests of the defendant invested in legitimate expressive activity being conducted by parts of the enterprise uninvolved or only marginally involved in the racketeering activity may not be forfeited." *Id.* at 791. We further concluded that "district courts should not, absent exceptional circumstances, 'order forfeiture of a defendant's entire interest in an enterprise that is essentially legitimate where he has committed relatively minor RICO [obscenity] violations not central to the conduct of the business and resulting in relatively little illegal gain in proportion to its size and legitimate income.'" *Id.* (quoting *United States v. Busher,* 817 F.2d 1409, 1415–16 (9th Cir. 1987) (alteration in *Adult Video Ass'n*)).

In *Alexander,* however, the Supreme Court makes clear that the scope of RICO's post-trial criminal forfeiture provisions does not offend the First Amendment. It held that those provisions are a punishment for past criminal conduct, and that such a punishment is no more of a threat to the freedom of expression than a prison term or a large fine, both of which are clearly constitutional. *Alexander,* —— U.S. at ——, 113 S.Ct. at 2774. Moreover, the Court noted that criminal sanctions "having some incidental effect on First Amendment activities are subject to First Amendment scrutiny 'only where it was conduct with a significant expressive element that drew the legal remedy in the first place ... or where a statute based on a nonexpressive activity has the inevitable effect of singling out those engaged in expressive activity.'" *Id.* at ——, 113 S.Ct. at 2774–75 (quoting *Arcara v. Cloud Books, Inc.,* 478 U.S. 697, 706–07, 106 S.Ct. 3172, 3177, 92 L.Ed.2d 568 (1986)). The Court found neither exception applicable to criminal forfeitures for racketeering committed through obscenity violations. *Id.* at ——, 113 S.Ct. at 2775.

Thus, pursuant to *Alexander,* our First Amendment concerns as to the scope of RICO's post-trial criminal forfeiture provisions are misplaced. *Alexander* instructs

that our concerns, if they are constitutionally relevant at all, are relevant only to the Eighth Amendment's prohibition against excessive fines. *Id.* at ——, 113 S.Ct. at 2775–76. As Adult Video appealed only the district court's dismissal of its First Amendment challenge to RICO's criminal penalty provisions, any discussion concerning the Eighth Amendment would be inappropriate. As such, our discussion must end with our holding that a forfeiture under RICO's post-trial criminal forfeiture provisions is not an unconstitutional prior restraint.[1] Thus, with respect to the post-trial criminal forfeiture claim, the judgment of the district court granting the government's motion to dismiss for failure to state a claim is affirmed.

 We emphasize, however, that *Alexander* does not alter our holding that Adult Video has standing to challenge RICO's pretrial seizure provision, and that the seizure provision violates the First Amendment. We therefore direct the district court to enter judgment for Adult Video on its claim that RICO's 1963(d) pre-trial seizure provision is unconstitutional on its face.

The decision of the district court is AFFIRMED IN PART and REVERSED IN PART. Each party to this appeal shall bear its own costs.

---

**1.** We also order that our prior opinion's background section be readopted, as well as all of the conclusion section except for the section's reference to RICO's forfeiture provisions.